BLD-173                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3489
_____

CHARLES THOMAS MONROE,
Appellant

v.

PERRY PHELPS;
MICHAEL BRYAN;
RAYMOND HANNUM

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:09-cv-01004)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 28, 2013

Before: SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:  April 8, 2013)
_____

OPINION
_____

PER CURIAM

        Pro Se Appellant Charles Thomas Monroe, an inmate at the James T. Vaughn

Correctional Center in Smyrna, Delaware, appeals from an order of the United States

District Court for the District of Delaware denying his motions for appointment of

counsel and summary judgment and granting Appellee's motion for summary judgment, in his civil rights action brought pursuant to 42 U.S.C. § 1983. Because this appeal does not present a substantial question, we will summarily affirm. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

## I.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. Monroe brought claims for excessive force and retaliation against Sergeant Michael Bryan for an incident that occurred on January 7, 2008.[1] Monroe claimed that Bryan grabbed him from behind, placed him in a choke hold and slammed him to the floor, injuring his back and neck. Bryan prepared an incident report of the event. At the time, Monroe was housed in the V building, which mainly houses inmates in drug treatment programs. In his incident report, Bryan states that he saw Monroe make contact with another inmate and saw the inmate hand Monroe a small, white object. Monroe took the object and went into a telephone booth. Bryan went up to Monroe and asked him for the object that he had received from the inmate. Monroe refused and put

---

[1] Defendants Perry Phelps and Raymond Hannum were dismissed from the case by orders entered May 3, 2010, and May 19, 2011. Phelps was dismissed because the claims against him were solely based on the theory of respondeat superior and liability in a § 1983 action must be predicated on personal involvement, not on the basis of respondeat superior. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Hannum was dismissed because Monroe failed to exhaust his administrative remedies before filing the claims against Hannum. See Booth v. Churner, 532 U.S. 731, 741 (2001) (the Prison Litigation Reform Act of 1996 requires that a prisoner pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions). We agree with these District Court's rulings.

the white object in his mouth and began to chew. Bryan believed the item was drugs, so he placed Monroe in a choke hold, brought him to the floor on his knees, and ordered him to spit out what was in his mouth. Monroe spit out a small white piece of paper.

Correctional officer Sandra Werda witnessed the incident and filled out an incident report corroborating Bryan's report. She and Bryan handcuffed Monroe after he was on the floor. Correctional officer Hannum assisted in restraining Monroe and helped Monroe to his feet. Monroe was taken to the infirmary by wheelchair and he was given three Tylenol because he complained of lower back pain. Monroe's medical records indicate that he complained of lower back pain on at least two instances prior to the January 7, 2008 incident. As a result of the incident, Monroe was charged with, and found guilty of, disorderly or threatening behavior, giving false alarm, abuse of privileges, failing to obey an order, lying, being off limits, and possession of non-dangerous contraband.

The parties filed cross-motions for summary judgment and Monroe filed a motion for appointment of counsel. The District Court granted Bryan's motion for summary judgment and denied Monroe's motion for summary judgment, because, among other reasons, Monroe did not meet the standards for an Eighth Amendment excessive force claim or a retaliation claim. The District Court denied Monroe's motion for appointment of counsel.[2] Monroe timely filed this appeal.

---

[2] The District Court also inquired, sua sponte, whether Monroe was competent to litigate his action under Fed.R.Civ.P. 17(c)(2). We conclude that the District Court did not abuse

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's order granting or denying summary judgment, applying the same standard as the district court. See Tri–M Grp., LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011). We will affirm only if "drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Id. The same standards and burdens apply on cross-motions for summary judgment. Appelmans v. City of Phila., 826 F.2d 214, 216 (3d Cir. 1987). We review the denial of a request for counsel for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). We may summarily affirm the District Court's decision if the appeal presents no substantial question. See L.A.R. 27.4; I.O.P. 10.6.

III.

Section 1983 provides private citizens with a means to redress violations of federal law committed by state officials. See 42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). In this instance, Monroe argues that Bryan used excessive force during the January 7, 2008

---

its discretion in declining to appoint a guardian or counsel to represent Monroe's interests in this instance. See Gardner ex rel. Gardner v. Parson, 874 F.2d 131, 140 (3d Cir. 1989) (we review for abuse of discretion a district court's decision to appoint a guardian ad litem under Rule 17(c)).

incident in violation of the Eighth Amendment, which prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency.  See Hudson v. McMillian, 503 U.S. 1, 8 (1992).  When reviewing Eighth Amendment excessive-force claims, we must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm ."  Id. at 7.  Whether the force applied was excessive requires the examination of several factors including: (1) the need for force, (2) the relationship between that need and the amount of force used, (3) the extent of the injury, (4) the extent of the threat to safety "as reasonably perceived by responsible officials," and (5) "any efforts made to temper the severity of a forceful response."  Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986).  Whether the force was excessive depends on the "extent of the force" and the surrounding circumstances, not upon the "resulting injuries."  Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002).

We agree with the District Court that there is nothing in the record to suggest that Bryan acted maliciously or sadistically to cause harm to Monroe.  Monroe acknowledges that he did not give Bryan the white object when he was asked to do so.  In light of the fact that Bryan believed the white object to be drugs and the fact that the incident occurred in a building that is used primarily for drug rehabilitation programs, Bryan acted reasonably.  Moreover, Monroe did not suffer serious injuries, and his complaint of back pain was one that he had prior to the incident.  While the absence of serious injury is not

5

dispositive, it does indicate that the force the guards used was itself limited. See Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). In these circumstances, therefore, the amount of force the Bryan used was reasonable as a matter of law. Thus, we conclude that Monroe does not have a valid Eighth Amendment excessive force claim and the District Court properly granted Bryan's motion for summary judgment and properly denied Monroe's motion for summary judgment.

Monroe also alleges a retaliation claim on the basis that he can prove that he is not guilty of the infractions resulting from the January 7, 2008 incident and that Bryan fabricated the allegations in retaliation for Monroe seeking legal recourse as a result of the incident. A prisoner litigating a retaliation claim must show that the conduct provoking the alleged retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of the prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and that the constitutionally protected conduct was a substantial motivating factor in Defendants' conduct. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (internal quotation marks omitted). If a plaintiff can establish a prima facie case of retaliation the burden shifts to the defendant "to demonstrate that even without the impetus to retaliate he would have taken the action complained of." Hartman v. Moore, 547 U.S. 250, 260 (2006).

We agree with the District Court that the record does not support a finding that Monroe was subject to adverse actions of the type that would deter a prisoner of ordinary

6

firmness from exercising his constitutional rights. As the District Court pointed out, Monroe filed several grievances after the January 7, 2008 incident, thus showing that he was not deterred from exercising his First Amendment rights. Accordingly, we conclude that the District Court properly granted summary judgment in favor of Bryan for Monroe's retaliation claim.

IV.

Regarding Monroe's motion for appointment of counsel, in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), we articulated factors relevant to determine whether to appoint counsel for indigent civil litigants. As a threshold matter, the indigent plaintiff's case must have some arguable merit in fact and law. Id. at 155. If so, the court should then consider a number of additional factors including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Id. At 155-57.

We agree with the District Court that the factors do not weigh in favor of representation by counsel. The case is not so factually or legally complex that appointing an attorney was warranted. Moreover, the filings in the case demonstrate that Monroe is able to clearly articulate his claims and represent himself. Thus, we conclude that the

District Court did not abuse its discretion in denying Monroe's motion for appointment of counsel.

V.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6.[3]

---

[3] Because we find that Monroe has failed to assert valid Eighth Amendment excessive force and retaliation claims, there is no need to address whether Bryan is entitled to summary judgment on qualified immunity or Eleventh Amendment grounds.